**BONDED ADJUSTMENT ASSOCIATION, INC. and National Surety Corporation, Appellants,**

v.

**Peter C. DOSS, Appellee.**

**No. 6061.**

District of Columbia Court of Appeals.

Argued Dec. 20, 1971.

Decided Jan. 31, 1972.

John J. Spencer, Jr., Washington, D. C., for appellants.

Kurt Berlin, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and KERN and PAIR, Associate Judges.

PER CURIAM:

The issue presented by this appeal is whether the Clerk of the Superior Court of the District of Columbia acted properly in entering default against appellants for the failure of their counsel to appear at a settlement conference scheduled upon notice after both the complaint and the answer in this case had been filed.

At the outset we note that the state of the record on appeal enshrouds in uncertainty exactly what happened below.[1] As best we can tell from what we have before us, counsel for the parties to this litigation were notified in writing of a settlement conference to be held before a judge of the Superior Court pursuant to its Civil Rule 16–I.[2] Appellants' attorney failed to appear [3] and an order was prepared "that a default against Defendants for failure to appear and/or for defense counsel to appear at settlement conference be entered;

---

1. For example, neither the complaint nor answer are in the record before us; the docket entries in the trial court contain no entry of a default which is at the heart of this appeal; and, the default order is denominated "Judgment" but is signed by one giving his title as "Clerk of Court."

2. The trial court no longer *requires* a settlement conference to be held in each case.

3. The attorney did, however, file a statement for the settlement conference.

case to be calendared for ex-parte proof." The order bears a signature above the title "Clerk of Court" but has no court file-stamp and is not entered on the trial court's docket in this case. Nevertheless, appellants moved to set aside and vacate the entry of default on the ground of their attorney's excusable neglect. Their attorney supported this motion with his affidavit, the gravamen of which was that due to numerous cases he was handling for these same clients, which were postponed or continued, he became confused into thinking that this particular case's settlement conference likewise had been continued. The trial court denied appellants' motion to vacate.

D.C.Super.Civ.Rule 55(a) provides in pertinent part that "[w]hen a party against whom a judgment . . . is sought has *failed to plead or otherwise defend* . . . and that fact is made to appear . . . the clerk shall enter his default." (Emphasis added.) However, appellants in this case had pleaded a defense and therefore we are unable to understand by what authority the clerk of the trial court purported to act. D.C.Super.Civ.Rule 55(b) (1) authorizes the clerk to enter a *judgment* by default, but only "if the defendant is in default for failure to appear as provided in Rule 12."[4] Therefore, even if we were to construe the clerk's action here as constituting the entry of a *judgment*, such action would have been improper because appellants had already complied with D.C. Super.Civ.Rule 12 by filing their answers.

The notice of the settlement conference contains the statement, "[f]ailure to appear will result in a default judgment or dismissal of the case," but nowhere in Rule 16–I is there any authority vested in the clerk to take such action. D.C.Super.Civ. Rule 77–II enumerates the various orders which the clerk can grant but it does not authorize the clerk to enter default under the circumstances appearing in this case. We conclude upon the record before us

that there was no authority for entry of default by the clerk against appellants and the trial court erred in refusing to vacate the default.

Reversed.

---

4. Rule 12 deals with presenting defenses and objections.